Charles R. Virginia, Esq (CV 8214)
BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC
111 Broadway, Suite 1403
New York, New York 10006
Office Tel No.: (212) 943-9080
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PAT ANGELO, JOSEPH DEVITA, ROBERT GARIEPY, JOSEPH PUZIO III, JOHN F CAPO, STEPHEN DOHERTY, WILLIAM DERENZIS, JEFFREY DUFFY, as Trustees of the B.A.C LOCAL 4 PENSION AND ANNUITY FUNDS, MICHAEL PETERSON, RUDOLPH RICCIARDI, ROBERT EPIFANO, JOSEPH SPERANZA, JR., MICHAEL SCHMERBECK, JACK KOCSIS, KENNETH SIMONE, JOHN F. CAPO, STEVE DOHERTY, DONALD ENGELHARDT, DIETER RUACH, RICHARD TOLSON, as Trustees of the NEW JERSEY B.A.C HEALTH FUND, ROBERT GARIEPY, JAMES R FRISCO, JR., RUDOLPH RICCIARDI, JOSEPH SPERANZA, JR., JOHN F. CAPO, JEFFREY DUFFY, DONALD ENGELHARDT, AND LEON JONES, JR., as Trustees of the NEW JERSEY BM&P APPRENTICE AND EDUCATION FUND, JOHN J. FLYNN, KENNETH LAMBERT, JAMES BOLAND, GERALD O'MALLEY, JOSEPH BRAMLETT, PAUL SONGER, CHARLES VELARDO, EUGENE GEORGE, MATTHEW AQUILINE, GERALD SCARANO, MICHAEL SCHMERBECK, BEN CAPP, GREGORY HESS and VINCENT DELAZZERO, as Trustees of the BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION, HEALTH AND ANNUITY FUNDS and JOHN F. CAPO, as Business Manager of B.A.C LOCAL NO. 4 NEW JERSEY,

Plaintiffs,

- against -

PMC CONSTRUCTION, CO., LLC,

Defendant.

07 Civ 3424 (AET) (JJH)

**SETTLEMENT AGREEMENT**

**IT IS HEREBY STIPULATED AND AGREED** by and among Plaintiffs Pat Angelo, Joseph Devita, Robert Gariepy, Joseph Puzio III, John F. Capo, Stephen Doherty, William Derenzis, Jeffrey Duffy, as Trustees of the B.A.C. Local 4 Pension and Annuity Funds, Michael Peterson, Rudolph Ricciardi, Robert Epifano, Joseph Speranza, Jr., Michael Schmerbeck, Jack Kocsis, Kenneth Simone, John F. Capo, Steve Doherty, Donald Engelhardt, Dieter Rusch, Richard Tolson, as Trustees of the New Jersey B.A.C. Health Fund, Robert Gariepy, James R. Prisco, Jr., Rudolph Ricciardi, Joseph Speranza, Jr., John F. Capo, Jeffrey Duffy, Donald Engelhardt, And Leon Jones, Jr., as Trustees of the New Jersey BM&P Apprentice and Education Fund, John J. Flynn, Kenneth Lambert, James Boland, Gerald O'Malley, Joseph Bramlett, Paul Songer, Charles Velardo, Eugene George, Matthew Aquiline, Gerald Scarano, Michael Schmerbeck, Ben Capp, Gregory Hess and Vincent Delazzero, as Trustees of the Bricklayers & Trowel Trades International Pension, Health And Annuity Funds (collectively, the "Funds") and John F. Capo, as Business Manager of B.A.C. Local No. 4 New Jersey (collectively, with the Funds, the "Plaintiffs") and PMC Contracting, LLC (improperly pled as PMC Construction Co., LLC) ("PMC" or "Defendant") (collectively, Plaintiffs and Defendant shall sometimes be referred to as the "Parties" and each individually as a "Party") that the claims of the Plaintiffs in the above-captioned case are settled and shall be discontinued with prejudice upon the following terms and conditions ("Settlement Agreement"):

1. Defendant shall pay, in full settlement of Plaintiffs' claims against Defendant in the above-captioned case, the sum of $31,094.14 (the "Settlement Amount") representing payment of attorneys' fees and interest incurred as a result of delinquent contributions and dues check-offs. Defendant will make the aforementioned payment within thirty (30) days of execution of the Settlement Agreement.

2. All payments shall be by check made payable to "B.A.C. Local 4 Funds" and shall be sent by first-class mail to Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC, Trinity Centre, 111 Broadway, Suite 1403, New York, New York 10006, Attn: Charles Virginia, Esq., unless the Plaintiffs' attorney shall have notified Defendant in writing of another address to which payments are to be sent or another addressee to whom payments are to be sent.

3. Immediately upon execution of this Agreement, the parties shall sign a Stipulation of Dismissal with Prejudice in the form annexed hereto as Exhibit A. Counsel for Plaintiffs shall file the original of the Stipulation of Dismissal with Prejudice of Case 07-Civ-3424 (AET) (JJH) with the Court.

4. It is understood and agreed by the Parties that this Settlement Agreement settles all claims alleged by Plaintiffs in Case 07-Civ-3424 (AET) (JJH). Plaintiffs retain the right to conduct a payroll audit of the books and records of PMC to verify the accuracy of the amounts owed. In the event that such a payroll audit reveals amounts due and owing in addition to those set forth herein, the Plaintiffs reserve the right to pursue recovery of said amounts notwithstanding this settlement and nothing set forth herein shall serve to extinguish or limit the rights otherwise possessed by, and available to, the Plaintiffs for recovering additional delinquent contributions discovered after consummation of this settlement.

5. The parties represent and acknowledge that in executing this Settlement Agreement they do not rely and have not relied upon any representation or statement made by the other party, its agent(s), representatives or attorneys, with regard to the subject matter, basis or effect of this Settlement Agreement or otherwise, other than as specifically stated in this written Settlement Agreement.

6. This Agreement shall be binding upon Plaintiffs and Defendant, and their respective successors and assigns.

7. This Settlement Agreement supersedes all prior agreements and understandings between the parties and constitutes the entire agreement of the parties with respect to the subject matter hereof. No provision of this Settlement Agreement shall be modified, amended, extended, discharged, terminated or waived except by a writing specifically referring to this Settlement Agreement and signed by all of the parties hereto and so ordered by the Court.

8. Neither this Settlement Agreement nor any proceeding taken hereunder shall be construed as or deemed to be evidence or any admission or concession by either party of any liability, or of any fact or proposition of law. None of the provisions of this Settlement Agreement, nor evidence of any negotiations or proceedings in pursuance of the compromise and settlement herein, shall be offered or received in evidence in any action or proceeding as an admission or concession of liability of any nature on the part of the Plaintiffs or Defendant, or for any other purpose whatsoever, except to enforce the terms and provisions hereof.

9. Should any provision of this Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be part of this Settlement Agreement. The parties further understand and agree that this Settlement Agreement and the Settlement Amount made under it is made in settlement and compromise of disputed claims. Nothing in this Settlement Agreement is to be construed as an admission of liability, wrongdoing or a violation of any federal, state or local law, ordinance, rule, regulation or common law requirement, duty or obligation, by either party.

-4-

10. The signatories hereto represent to each other that they have the authority to execute this Settlement Agreement on behalf of the parties and that they do so willingly and without reservation.

11. This Settlement Agreement may be executed in several parts, each of which shall be deemed as an original, but all of which together shall constitute the same instrument.

THE PARTIES ACKNOWLEDGE THAT THEY HAVE THE FULL AUTHORITY TO ENTER INTO THIS SETTLEMENT AGREEMENT AND DO SO KNOWINGLY AND VOLUNTARILY.

B.A.C. LOCAL 4 PENSION
AND ANNUITY FUNDS

By: _____  Date: 12/9/08
Name:
Title: Trustee

TRUSTEES OF NEW JERSEY B.A.C.
HEALTH FUND

By: _____  Date: 12/9/08
Name:
Title: Trustee

NEW JERSEY BMP&P APPRENTICE
AND EDUCATION FUND

By: _____  Date: 12/9/08
Name:
Title:

TRUSTEES OF THE BRICKLAYERS

-5-

& TROWEL TRADES INTERNATIONAL
PENSION, HEALTH AND ANNUITY FUNDS

By: _____   Date: 12/9/08
Name: David F. Stupar
Title: Executive Director

B.A.C. LOCAL NO. 4 NEW JERSEY

By: _____   Date: _____
Name: John F. Capo
Title: Business Manager

PMC CONTRACTING, LLC

By: _____   Date: 2/10/0?
Name: Eric Palmer
Title: Owner

STATE OF NEW JERSEY )
                    : ss :
COUNTY OF _____ )

On _____, 2008, before me personally came _____ who, by me duly sworn, did depose and say that PMC Contracting, LLC's principal place of business is located at 31 Harrison Avenue, North Plainfield, NJ, 07060, that deponent is the _____ of PMC Contracting, LLC, and that deponent executed the foregoing Settlement Agreement on behalf of PMC Contracting, LLC, and was authorized to do so.

_____
Notary Public

Fkmwkk:85298322 1 052733 1001

& TROWEL TRADES INTERNATIONAL
PENSION, HEALTH AND ANNUITY FUNDS

By: _____          Date: _____
   Name: David F Stupar
   Title: Executive Director

B.A.C. LOCAL NO. 4 NEW JERSEY

By: /s/ John F Capo                  Date: _____
   Name: John F Capo
   Title: Business Manager

PMC CONTRACTING, LLC

By: /s/                              Date: 7/10/08
   Name: Eric Palmer
   Title: Manager

STATE OF NEW JERSEY  )
                     : ss :
COUNTY OF _____ )

On _____, 2008, before me personally came _____ who, by me duly sworn, did depose and say that PMC Contracting, LLC's principal place of business is located at 31 Harrison Avenue, North Plainfield, NJ, 07060, that deponent is the _____ of PMC Contracting, LLC, and that deponent executed the foregoing Settlement Agreement on behalf of PMC Contracting, LLC, and was authorized to do so.

_____
Notary Public

Pismarido(89290522.1 077713) 8001

-6-